UNITED STATES DISTRICT COURT　　　　　　　　　　　　　　　　　　　　C/M
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
　　　　　　　　　　　　　　　　　　　　　:
DYROL HARDING,　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　Plaintiff,　　　　　　　: **MEMORANDUM**
　　　　　　　　　　　　　　　　　　　　　: **DECISION AND ORDER**
　　　　　- against -　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　: 13 Civ. 1178 (BMC)
THE CIT GROUP/CONSUMER FINANCE,　　: 
INC.; ACCREDITED HOME LENDERS,　　　: 
INC.; THE BANK OF NEW YORK　　　　　: 
MELLON f/k/a BNY AS TRUSTEE ON　　　: 
BEHALF OF CIT MORTGAGE LOAN　　　　: 
TRUST 2007-1,　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　Defendants.　　　　　　:
-----------------------------------------------------------X

**COGAN,** District Judge.

　　Plaintiff brings this *pro se* action invoking the Court's federal question and diversity jurisdiction. Plaintiff seeks monetary damages and injunctive relief. Plaintiff has paid the requisite filing fee to bring this action. For the reasons that follow, the complaint is dismissed for lack of subject matter jurisdiction and plaintiff is directed to file an amended complaint within twenty (20) days as further discussed below.

## BACKGROUND

　　Plaintiff's complaint is far from a model of clarity and it is unclear what his federal cause of action is against each named defendant. The complaint appears to allege that he is a victim of predatory lending in connection with a mortgage on property located at 301 Van Buren Street, Brooklyn, New York. It appears that this property is now the subject of a foreclosure action in Kings County Supreme Court, and plaintiff asks that "the commencement of the related

foreclosure action in Kings County Supreme Court . . . be held in abeyance pending the outcome of the causes of actions in this court."

The complaint states, in relevant part that:

> [t]he plaintiffs [sic] was not made aware of any such increase in fees, cost and expenses in connection with the mortgage or the assignment of the mortgage itself in connection with the proper[ty] because they were not the purchasers of the sub-prime mortgage nor were they prived [sic] to the information at that time. Upon information and belief, the plaintiff had abused its position in order to inflate the true value of the property in over 200% in that doing so, former purchaser was unable to make the mortgage payments and that the following foreclosure action that was commenced against the property was commenced in Kings County Supreme Court. Furthermore, the mortgage is being foreclosed by the defendants named herein under false pretends [sic] because the moving party in the foreclosure action does not legally own the property nor do plaintiff have legal standing to commence such as action.

## **DISCUSSION**

Although plaintiff is proceeding *pro se,* and his complaint is held to less stringent standards than pleadings drafted by lawyers, see Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197 (2007), he still must establish that the Court has subject matter jurisdiction over his action. See Rene v. Citibank NA, 32 F.Supp.2d 539, 541 (E.D.N.Y. 1999) ("plaintiffs' *pro se* status does not exempt them from compliance with relevant rules of procedural and substantive law.") (citation omitted). Furthermore, regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case, *sua sponte,* if it determines that the action is frivolous or the court lacks jurisdiction over the matter. Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-364 (2d Cir. 2000).

The subject matter jurisdiction of federal courts is limited. The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Arbaugh v. Y&H Corp., 546 U.S. 500, 126 S. Ct. 1235 (2006). Section 1331 provides for federal-question jurisdiction, and § 1332 for diversity of citizenship jurisdiction. Id. at 513 (citation

2

omitted). A plaintiff properly invokes § 1331 jurisdiction when he pleads a colorable claim "arising under" the Constitution or laws of the United States. Id. A plaintiff properly invokes § 1332 jurisdiction when he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. Id. (citing § 1332(a)). Here, plaintiff cannot invoke diversity jurisdiction because the parties lack complete diversity of citizenship. Plaintiff also does not allege a federal question.

Plaintiff's reference to 42 U.S.C. § 1983 shall is invalid since defendants are private parties. See American Manufacturers Mutual Insurance Co. v. Sullivan, 526 U.S. 40, 50, 119 S. Ct. 977 (1999) (quotations omitted) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."); cf. Brentwood Academy v. Tennessee Secondary School Athletic Ass'n, 531 U.S. 288, 295, 121 S. Ct. 924 (2001) ("[S]tate action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'") (quoting Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351, 95 S. Ct. 449 (1974)).

Moreover, to the extent plaintiff seeks to enjoin the ongoing foreclosure action in state court, the Court must dismiss plaintiff's claims pursuant to Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746 (1971). Under Younger, federal courts must abstain from exercising jurisdiction where federal review would disrupt state proceedings that: (1) are pending; (2) implicate important state interests; and (3) provide plaintiff an adequate opportunity to litigate federal claims. See Hansel v. Town Ct. for Town of Springfield, 56 F.3d 391 (2d Cir. 1995); see also Clark v. Bloomberg, No. 10-CV-1263, 2010 WL 1438803 (E.D.N.Y. April 12, 2010) (holding that the Younger doctrine bars plaintiff's claims to enjoin the foreclosure action). However, Younger does not

require a district court to dismiss a claim seeking damages. See Kirschner v. Klemons, 225 F.3d 227, 238 (2d Cir. 2000) ("[A]bstention and dismissal are inappropriate when damages are sought, even when a pending state proceeding raises identical issues and we would dismiss otherwise identical claims for declaratory and injunctive relief.").

Finally, aside from the failure to adequately set forth the basis for subject matter jurisdiction, plaintiff has failed to state a claim. The Court cannot tell from his complaint what party violated what statute in what way. Plaintiff has to be able to state the requirements of whatever statute he is suing under and how each defendant violated that statute. It is not enough to toss around terms like "abused its position" without stating what that means. Moreover, to the extent plaintiff is claiming that any of the defendants do not have standing to maintain the Kings County foreclosure action, that is a defense to that action which should be raised in that court. It does not belong here.

## **CONCLUSION**

Accordingly, the complaint is dismissed for lack of subject matter jurisdiction and indecipherability pursuant to Fed.R.Civ.P. 12(b)(6) and 12(h)(3). However, in light of plaintiff's *pro se* status and in an abundance of caution, plaintiff is directed to file an amended complaint within twenty (20) days from the date of this order that complies with Rule 8 of the Federal Rules of Civil Procedure. The amended complaint must state the basis for federal jurisdiction and provide a short, plain statement of claim against each named defendant so that they have adequate notice of the claims against them. Plaintiff should also include all relevant dates, attach any relevant documents and state the relief he seeks from this Court.

Plaintiff is advised that any amended complaint he files will completely replace the original complaint. If plaintiff fails to comply with this order, judgment shall enter dismissing

4

the complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(h)(3). Although plaintiff has paid the filing fee to initiate this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917 (1962).

**SO ORDERED.**

                                                                                      _____
                                                                                                U.S.D.J.

Dated: Brooklyn, New York
       March 18, 2013